89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George A. WELLMAN, Petitioner-Appellant,
v.
Walter CHAPLEAU, Warden of Kentucky State Reformatory,
Respondent-Appellee.
 No. 95-6123.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; ROSEN, District Judge.*
 
 ORDER
 
 2
 George A. Wellman, a Kentucky prisoner proceeding pro se, appeals a district court order and judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wellman was sentenced in July 1988 to 40 years in prison following his jury conviction for the first degree rape of a nine-year-old girl. The Kentucky Supreme Court affirmed his conviction in an opinion issued on February 16, 1989. Wellman's subsequent RCr 11.42 motion was overruled on November 2, 1992; this decision was not appealed. After his first federal habeas petition was dismissed for failure to exhaust state court remedies, Wellman brought two state petitions for a writ of habeas corpus. Wellman unsuccessfully appealed those adverse decisions.
 
 
 4
 In his present petition, Wellman raised five grounds for relief: (1) the trial court erred by failing to continue his trial due to the absence of an indispensable witness, (2) the trial court lacked venue, (3) trial counsel rendered ineffective assistance, (4) the Commonwealth improperly hid the allegedly exculpatory defense witness to prevent her from testifying, and (5) appellate counsel rendered ineffective assistance.
 
 
 5
 In a report filed on July 13, 1995, a magistrate judge recommended, after a careful and detailed analysis, that Wellman's petition be denied. She concluded that Wellman's trial continuance and venue issues had been litigated as matters of state law only and were, thus, subject to dismissal for failure to exhaust; nonetheless, she recommended that they be denied on the merits. She further concluded that Wellman had procedurally defaulted on his ineffective assistance of trial counsel claim in the state courts and had failed to establish the cause and prejudice required to permit the federal courts to address the merits of this claim. As for Wellman's assertion that the trial court erroneously allowed an examining doctor to present hearsay testimony (not listed as a separate ground for relief in his petition), the magistrate judge found that the claim was not exhausted but, again, should be denied on the merits as an issue of state law not cognizable in a federal habeas corpus petition. Finally, the magistrate judge, noting that the Kentucky courts do not recognize challenges to the effectiveness of appellate counsel, discussed that issue and found it to be without merit. Wellman filed specific objections, which were addressed and overruled by the district court. The district court adopted the magistrate judge's report and denied Wellman's petition for a writ of habeas corpus in an order and judgment filed on August 8 and entered on August 9, 1995.
 
 
 6
 On appeal, Wellman continues to argue the merits of his grounds for relief.
 
 
 7
 Upon review, we affirm the district court's judgment because Wellman has not shown that his trial was fundamentally unfair or that it resulted in his unjust confinement. See Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994).
 
 
 8
 Despite noting that Wellman had either failed to exhaust or procedurally defaulted on his issues relating to trial continuance, venue, and hearsay, the district court rejected those issues on the merits after concluding that they were issues of state law only, not cognizable in a federal habeas corpus action. The Supreme Court has held that a question concerning an error of state law will serve as a basis for federal habeas corpus relief only when the error is so egregious that the petitioner was denied fundamental fairness in the trial process. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Clemmons, 34 F.3d at 357-58. Furthermore, the rulings by a state's highest court with respect to state law are binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 488 U.S. 866 (1988). The errors alleged by Wellman do not reach the level of a denial of fundamental fairness.
 
 
 9
 Further, the trial court could properly find that the examining physician's testimony on the condition of Melinda's genitalia was relevant and probative of whether she had engaged in sexual intercourse. Defense counsel ably cross-examined her regarding the time-lapse between the alleged rape and the examination, which went to the weight of the evidence rather than its admissibility. There was no due process violation in admitting this evidence.
 
 
 10
 Wellman next argues that trial counsel was ineffective in three ways: by failing to request a jury instruction on the lesser included offense of sexual abuse, by failing to object to the prosecutor's questions regarding the sexual abuse of his stepdaughter, and by failing to include the required affidavit in her motion for a continuance. The district court properly determined that Wellman had exhausted his ineffective assistance of counsel claim by presenting it in a state petition for habeas corpus, but that he had procedurally defaulted in the state courts by not presenting it to the state's highest court in an appeal of his RCr 11.42 motion. Therefore, federal habeas review of this issue is barred unless Wellman can demonstrate cause for the default and actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). He has demonstrated neither.
 
 
 11
 Wellman's assertion that the Commonwealth hid his stepdaughter, allegedly an exculpatory witness, to prevent her from testifying is conclusory and wholly insufficient to warrant relief. The record indicates, and the state court found, that Wellman's stepdaughter was a runaway at the time of the trial. That finding is entitled to a presumption of correctness that Wellman has not overcome. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam).
 
 
 12
 Finally, the district court properly reached the merits of Wellman's ineffective assistance of appellate counsel claim because Kentucky does not recognize challenges to the effectiveness of appellate counsel. See Vunetich v. Commonwealth, 847 S.W.2d 51, 52 (Ky.1990). However, this claim is meritless because Wellman has failed to establish that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced his appeal so as to render the proceedings unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant, Jones v. Barnes, 463 U.S. 745, 751 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). There was no prejudice because Wellman cannot show that any appeal based on the issues he asserts should have been raised would have succeeded.
 
 
 13
 Accordingly, the district court's judgment, entered on August 9, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation