Gary Lee **VUNETICH**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 88–SC–665–DG.

Supreme Court of Kentucky.

Sept. 27, 1990.

As Modified on Denial of Rehearing
Dec. 17, 1992.

Pam E. Goldman, Lexington, for appellant.

Chris Gorman, Atty. Gen., Ian C. Sonego, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

The issue presented on this appeal concerns whether appellant Vunetich has the right to challenge the effectiveness of appellate counsel in an RCr 11.42 motion which has already been reviewed, considered and decided by an appellate court.

This case was consolidated for argument in this Court with *Hicks v. Commonwealth*, Ky., 825 S.W.2d 280 (1992). The opinion rendered in *Hicks* is dispositive of the issue of challenging the effectiveness of appellate counsel.

Appellant was convicted of the offense of failing to make a required disposition of property of a value of more than $100.00, and of defrauding a secured creditor. He was sentenced as a persistent felony offender on each charge to a term of imprisonment for 10 years, the terms to run concurrently.

He appealed the convictions to the Court of Appeals, and while his appeal was pending, he filed in the circuit court a motion, pursuant to RCr 11.42, collaterally attacking the judgment of conviction. The motion to vacate raised an issue of ineffectiveness of his trial counsel. The motion was overruled without an evidentiary hearing, and this too was appealed to the Court of Appeals. The two appeals were consolidated in the Court of Appeals, and the trial court's judgments were affirmed. Discretionary review was denied by this Court.

Appellant thereafter filed a second RCr 11.42 motion in the trial court to vacate the judgment. In this second motion Vunetich contended that counsel which represented him in his first RCr 11.42 appeal was ineffective in raising the issue of the ineffectiveness of his trial counsel. He alleged his appellate counsel's failure to raise the issue that he had been denied an evidentiary hearing in the trial court on the first RCr 11.42 motion constituted ineffective assistance of appellate counsel.

We held in *Hicks* and in *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985), that RCr 11.42 cannot be used as a vehicle for relief from the ineffectiveness of appellate counsel. If a defendant's conviction had not been appealed due to neglect of counsel or if a defendant's appeal had been dismissed solely due to neglect of counsel, the defendant could, upon motion to the court which had jurisdiction to hear the appeal, request a grant of a belated appeal or

request a reinstatement of appeal. *Wine* at 694. The situation Vunetich presents is unlike either of these scenarios. The trial court's denial of appellant's second RCr 11.42 motion to vacate was proper.

On the appeal from the denial of the second RCr 11.42 motion the appellant attempted to convert the appeal into a petition for the granting of a belated appeal. The Court of Appeals granted his motion, and thereafter the matter in the Court of Appeals proceeded as a petition to grant a belated appeal.[1]

The Court of Appeals then proceeded to decide, in a well-reasoned opinion, the question of whether appellant's counsel on his first RCr 11.42 appeal was ineffective. It concluded that appellate counsel had provided vigorous advocacy for appellant and further concluded that in the exercise of professional judgment, appellant's counsel was not required to raise every nonfrivolous issue on appeal, citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

The Court of Appeals, in fact, allowed the appellant to raise in that court the issue of whether the ineffectiveness of his counsel on the first RCr 11.42 appeal had prevented him from having a meaningful appeal. In so doing, the Court of Appeals went far beyond what is required of it. In *Hicks* we clearly and succinctly stated that "[w]e will not examine anew an appeal reviewed, considered and decided by this Court." *Id.* Whether appellant's counsel was effective in the first RCr 11.42 motion, which raised the issue that appellant's trial counsel was ineffective, will not be considered by this Court. Appellant's first RCr 11.42 motion was consolidated with appellant's direct appeal from his conviction and was heard by the Court of Appeals. The effectiveness of the RCr 11.42 counsel will not be reviewed because the RCr 11.42 motion has already been thoroughly reviewed, considered and decided by an appellate court.

The appellant was tried in circuit court where he was represented by employed

counsel of his own choice. He was represented by the Department of Public Advocacy on his appeal in which the judgment was affirmed in the Court of Appeals, and his motion for discretionary review was denied by this Court. His motion to vacate judgment on the ground of ineffective assistance of trial counsel was decided adversely to him, and he was provided different counsel to appeal the denial of the motion to vacate, but the order was affirmed on appeal.

Now, represented by different counsel, appellant seeks to overturn previous adverse decisions on the ground that his previous appellate counsel was ineffective in raising the issue of the ineffectiveness of his trial counsel.

The Court of Appeals has once again decided the issue adversely to appellant, and he now seeks relief in this court. This litigation must come to an end at some point. For the foregoing reasons, we end the litigation here by affirming the Court of Appeals' decision.

All concur.

---

1. Appellant's pleading could not properly be designated as a petition for a "belated appeal" because a belated appeal is appropriate only in cases where, due to ineffective assistance of counsel, no appeal was ever taken.