RENDERED: JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0257-MR

DAYMOND L. MALONE                                            APPELLANT

                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                 HONORABLE SUSAN SCHULTZ GIBSON
                     ACTION NO. 14-CR-001523

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, KRAMER, AND MAZE, JUDGES.

MAZE, JUDGE: This appeal arises from an order denying Appellant's motion to vacate his judgment pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The issue is whether the trial court abused its discretion in denying the motion and whether Appellant's attorney performed reasonably, according to *Strickland*,[1] as counsel. For the following reasons, we affirm.

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

## BACKGROUND

In 2017, a jury convicted Appellant, Daymond L. Malone, of

kidnapping with serious physical injury, assault under extreme emotional

disturbance, fleeing and evading, and driving with no operator's license. The

Kentucky Supreme Court affirmed the judgment on direct appeal in *Malone v.*

*Commonwealth*, 556 S.W.3d 556 (Ky. 2018). We adopt the Court's facts and

procedural history of the case below:

> The facts of this case are mostly undisputed.
> Malone and the victim, Monic Pinkston, shared an
> intimate relationship before Pinkston decided to end it.
> The two remained friends leading up to the events giving
> rise to Malone's convictions.
>
> Very early in the morning, Pinkston left her house
> to go to work. As she approached her vehicle, she found
> Malone asleep in the backseat. Pinkston testified that she
> told Malone that she was "not O.K." with him staying in
> her car, which led to an argument between the two.
> Nonetheless, Pinkston drove to work with Malone in the
> passenger seat of the car.
>
> Upon arriving at work, Pinkston told Malone to
> leave. After a brief period, a co-worker told Pinkston
> that Malone was driving off with her car. Pinkston
> stopped him. Pinkston testified that she told Malone she
> was going to call the police; but in her statement to the
> police, Pinkston stated that she simply told Malone to
> leave.
>
> On her lunch break at mid-morning, Pinkston
> discovered Malone sleeping in the backseat of her
> vehicle. Pinkston told Malone that she was sick of him
> following her, did not want to be with him, and could not

be in a relationship at this time, to which Malone responded that he loved her and wanted to be with her. Malone then asked Pinkston to take him to his cousin's house, to which Pinkston, after resisting, eventually agreed.

Upon arriving at Malone's cousin's house, Pinkston testified that Malone stated that "he was sorry he had to do this." Malone then proceeded to physically assault Pinkston, inflicting three stab wounds and causing serious physical injury. Malone continued to wrestle with Pinkston as he moved from the back of the car to the front seat. Pinkston testified that Malone kept her in the car and told her to drive.

Malone eventually directed Pinkston to drive to a park. During the drive, Pinkston told Malone that the car was running out of gas. Upon arriving at a gas station, Malone told Pinkston to find her debit card and pay for gas at the pump. Malone and Pinkston then engaged in another physical altercation, and Pinkston was able to escape the vehicle but not before Malone bit her left eye. When Pinkston fled the vehicle, Malone drove off, but was eventually apprehended by police.

*Id.* at 558-59 (footnotes omitted).

After losing his direct appeal, Malone moved the trial court to vacate the judgment for ineffective assistance of counsel pursuant to RCr 11.42. The trial court denied the motion because he did not meet the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Malone comes before this Court *pro se* to appeal that decision.

ANALYSIS

The Sixth Amendment protects one's right "to have the assistance of counsel for his defence." U.S. CONST. amend. VI. Furthermore, the United States Supreme Court recognizes the "crucial role" the right to counsel plays in the judicial system—rooted in the Sixth Amendment. *Strickland*, 466 U.S. at 685, 104 S. Ct. at 2063. Moreover, an "accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Id.* Thus, the Court has historically held that "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n.14, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970). Therefore, "the proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

To prove ineffective assistance of counsel, the defendant must show two things. First, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. Second, "the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Moreover, it is not enough for the defendant to claim

that errors affected some aspect of his case; he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Subsequently, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Furthermore, RCr 11.42 requires an evidentiary hearing "if the answer raises a material issue of fact that cannot be determined on the face of the record." *Harper v. Commonwealth*, 978 S.W.2d 311, 314 (Ky. 1998). Moreover, if the record refutes the claims raised, then there is no need for an evidentiary hearing. *Id.* Thus, a defendant is entitled to an evidentiary hearing if the record does not refute the claim.

The United States Supreme Court held that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The Court stated that it is "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* In *Strickland*, the United States Supreme Court held that in order to maintain an ineffective assistance of counsel claim, a defendant must satisfy a two-part test showing that his counsel's performance was deficient and that the deficiency

caused actual prejudice affecting the outcome of the proceeding. *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064.

Moreover, at the trial court level, "[t]he burden is upon the accused to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by . . . RCr 11.42." *Commonwealth v. Harbin*, 602 S.W.3d 166, 171 (Ky. App. 2019) (citation omitted). However, on appeal, "the reviewing court looks *de novo* at counsel's performance and any potential deficiency caused by counsel's performance." *Id.* (citation omitted). "And even though, both parts of the *Strickland* test for ineffective assistance of counsel involve mixed questions of law and fact, the reviewing court must defer to the determination of facts and credibility made by the trial court." *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008). "Ultimately however, if the findings of the trial judge are clearly erroneous, the reviewing court may set aside those fact determinations." *Id.* In appealing from the trial court's grant or denial of relief based on ineffective assistance of counsel, the appealing party has the burden of showing that the trial court committed an error in reaching its decision. *Id.* Thus, we review the matter using the clearly erroneous standard—giving deference to the trial court's factual findings unless the finding was clearly erroneous. However, we look *de novo* at counsel's performance.

Malone raises two arguments regarding the ineffective assistance of counsel.  First, we address Malone's argument that he saw the prosecutor leave the jury room while the jury was deliberating.  He argues that because his attorney did not notify the trial court of the prosecutor's alleged misconduct, his attorney provided ineffective assistance of counsel.  We disagree.

Malone alleges that when the jury returned with its verdict, the prosecutor walked out of the jury deliberation area with the jury.  However, the record refutes this claim.  The Commonwealth correctly notes that Malone was being held on bond and was not released to home incarceration, which means that Malone was under the supervision of the Sheriff's deputies or other law enforcement officers until a verdict was reached.  Therefore, Malone did not have the ability to leave the courtroom unsupervised or go near the jury deliberation room to witness a prosecutor leaving the jury room during deliberations.  Even more, the trial recording clearly indicates Malone, his attorney, and the Commonwealth's attorneys were at the counsel tables when the jury returned both times for the guilty verdict and the sentencing verdict.  Thus, there is no basis to accept Malone's allegations, and the trial court correctly denied the motion without an evidentiary hearing because the record clearly refuted the claim.

Second, Malone argues that his attorney's strategy was ineffective.  Malone claims that his counsel believed that he could not be found guilty of a

Class A felony, kidnapping with serious physical injury, because the stabbing occurred before the kidnapping; he argues that this constitutes ineffective assistance of counsel because his counsel mistakenly relied on the idea that Malone could not be charged with a Class A felony. Under Kentucky law, the crime of kidnapping is a Class B felony. However, if the kidnapping involves serious physical injury, it moves to a Class A felony with a higher prison sentence. *Malone*, 556 S.W.3d at 559.

The Kentucky Supreme Court addressed the issue regarding the trial court's instructions on direct appeal. In the direct appeal, Malone argued that the trial court incorrectly instructed the jury because the stabbing occurred before the kidnapping and was not connected. *Id.* The Kentucky Supreme Court concluded that argument was meritless, holding that

> it would not be unreasonable for the jury to believe from the evidence that Malone, by inflicting serious physical injury upon his victim before specifically manifesting to her his intent to confine her, wanted the victim to know or believe, through the act of inflicting physical injury, that she would be unable to escape from confinement, thus intimidating the victim into staying put.

*Id.* at 558. Because we now review the argument as it relates to the ineffective assistance of counsel, Malone is not precluded from raising the issue.

Using *Strickland*'s two-part test, we affirm the lower court's order that Malone's counsel acted competently and reasonably. *Strickland* requires

Malone to prove a serious error that would more likely than not prejudice the outcome of the proceeding. The trial court correctly concluded that even though another defense attorney might take a different approach, this situation is far from the level of ineffective assistance of counsel. Malone faced a strong amount of evidence against him, and this might have been the best approach to a defense. Courts give counsel ample discretion when deciding the most effective trial strategy. After reviewing the trial tapes and record, it is clear that Malone's counsel provided reasonable assistance of counsel, and the strategy was a reasonable one to choose when representing Malone. Thus, we agree that there is not an error so serious as to prejudice the case, and we affirm the trial court's denial of the motion to vacate.

## CONCLUSION

For the above reasons, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Daymond L. Malone, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky