RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0382-MR

CHRISTOPHER MCCULLUM             APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 15-CR-000968

COMMONWEALTH OF KENTUCKY             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

KAREM, JUDGE: Christopher McCullum, *pro se*, appeals from the Jefferson Circuit Court's order denying his motions for relief under Kentucky Rule of Criminal Procedure ("RCr") 11.42 and for an evidentiary hearing. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The events of this case stem from McCullum's convictions, following a jury trial in Jefferson Circuit Court, on one count of murder, one count of wanton

endangerment in the first degree, and one count of tampering with physical

evidence for the shooting death of Mukhtar Ahmad. The facts underlying

McCullum's convictions were outlined by the Kentucky Supreme Court in his

direct appeal as follows:

> On February 25, 2015, Dr. Bruno Aczevedo was driving south on Interstate 71 in Louisville when he saw a gun sticking out of a white construction van. He observed the driver shoot several rounds into the side of a black SUV directly in front of Dr. Aczevedo's vehicle, killing the driver of the SUV, Mukhtar Ahmad. Another driver who had also witnessed the incident recorded the van's license plate number before calling 911. Police quickly learned that the van belonged to an electrical business, and it had been lent to McCullum for subcontractor work that day. Eventually, authorities stopped the van and took McCullum into custody.

> At trial, McCullum testified that, at the time of the shooting, he was an alcoholic, addicted to methamphetamine and was suffering from psychosis. He admitted that he had shot and killed the victim; the only contested issue at trial was McCullum's mental state at the time of the shooting. McCullum testified he opened fire because he thought the victim was pointing a gun at him. Both McCullum and the Commonwealth presented expert witness testimony as to McCullum's mental health. After hearing all the evidence, the jury deliberated and found McCullum guilty of all charges and recommended a cumulative sentence of sixty years' imprisonment. The trial court imposed the recommended sentence. This appeal followed.

*McCullum v. Commonwealth*, No. 2017-SC-000607-MR, 2019 WL 1167964, at *1 (Ky. Feb. 14, 2019).[1] The Kentucky Supreme Court affirmed McCullum's conviction on direct appeal. *Id*. at *4.

Thereafter, McCullum, *pro se*, filed an RCr 11.42 motion for relief alleging ineffective assistance of trial counsel and requesting a full evidentiary hearing. Additionally, he filed a motion requesting that the court appoint counsel to aid McCullum and supplement his *pro se* motion. The circuit court did so, and on December 14, 2021, his counsel filed a supplement to McCullum's *pro se* RCr 11.42 motion. The Commonwealth filed a response to the RCr 11.42 motions on January 31, 2022.

The circuit court issued an order denying McCullum's RCr 11.42 request for relief and motion for an evidentiary hearing motion on February 28, 2022. This appeal followed.

We will discuss any additional facts as necessary below.

### ANALYSIS

On appeal, McCullum argues that he is entitled to relief under RCr 11.42 due to his trial counsel's ineffectiveness in (1) failing to retain a second expert witness, (2) allegedly coercing McCullum to perjure himself on the stand and testify that he remembered events surrounding the shooting when he did not,

---

[1] We cite this opinion pursuant to Kentucky Rule of Appellate Procedure ("RAP") 41.

and (3) failing to present sufficient mitigating evidence during the trial's penalty phase. McCullum also alleges that the circuit court erred when it failed to hold a hearing regarding his claims of ineffective assistance of counsel.

### a. *Strickland* Factors and Our Standard of Review

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009) (citations omitted). "RCr 11.42 motions are limited to the issues that were not and could not be raised on direct appeal." *Id*. at 568 (citation omitted).

Specifically, a successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985). In describing these two factors, the Kentucky Supreme Court has stated that:

> [a] "deficient performance" contains errors so serious
> that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.
> Second, the appellant must show that counsel's deficient
> performance prejudiced his defense at trial. This requires
> showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable.  An appellant must satisfy both elements of the *Strickland* test in order to merit relief.

*Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citations omitted).

Regarding the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065.  Moreover, McCullum's trial counsel has "a strong presumption" in his or her favor that the conduct fell "within the wide range of reasonable professional assistance."  *Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001), *overruled on other grounds by Leonard*, 279 S.W.3d at 158-59.

As to the second prong, to establish actual prejudice, the appellant must show a "reasonable probability" of a different outcome for the proceeding. *Bowling v. Commonwealth*, 981 S.W.2d 545, 551 (Ky. 1998) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).  Appellate review of counsel's performance under *Strickland* is *de novo*.  *McGorman*, 489 S.W.3d at 736.

Where the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). An evidentiary hearing is only required "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted).

### b. Discussion

### I. Trial Counsel's Failure to Retain a Second Expert

McCullum first contends that the circuit court failed to conduct an evidentiary hearing regarding whether trial counsel was ineffective for failing to retain a "mental health authority" to aid in the defense's preparation and cross-examination of witnesses. McCullum believes that if his counsel had done so, the jury would have determined that McCullum was too impaired by methamphetamine-induced psychosis to form the *mens rea* needed to commit murder.

As the trial court noted, McCullum did have one psychiatric witness testify on his behalf as an expert witness. However, McCullum argues that this expert failed to satisfy the requirements in *Binion v. Commonwealth*, 891 S.W.2d

383, 386 (Ky. 1995). Specifically, McCullum contends that his trial counsel should have retained an additional expert to explain the effects of methamphetamine-fueled blackouts to aid him in his defense at trial.

As previously discussed, however, our review of the circuit court's denial of a motion for an evidentiary hearing is "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis*, 411 S.W.2d at 322. We agree that this standard was not met in this case, and the circuit court correctly denied the motion for an evidentiary hearing.

In his brief, McCullum's only rationale for a second expert witness is that the second expert's testimony would have differed from his trial expert's testimony by including information about methamphetamine-fueled blackouts. We note that while the trial expert did not testify specifically about blackouts that can result from the use of methamphetamine, the trial expert did testify about drug-induced psychosis. For example, the trial expert testified about McCullum's use of methamphetamine, Xanax, and alcohol in the months leading up to the shooting and on the day of the crime. Indeed, a review of the expert's testimony reveals that he specifically stated, "So . . . the combination of substances that he is using [Xanax, alcohol, and methamphetamine], the quantity of substances that he is using, lead to a psychotic delusional paranoid . . . state." Thus, the trial expert

provided the jury with information regarding methamphetamine's potential role in inducing a psychotic break from reality.

Moreover, as the trial court discussed, McCullum gave detailed testimony concerning the events before, during, and after the shooting. Consequently, any expert testimony that McCullum was in the throes of a methamphetamine-induced blackout could have damaged McCullum's trial testimony and credibility. Therefore, the trial court was correct in determining that a hearing on this issue was unnecessary, and we affirm.

## II.    McCullum's Testimony

McCullum's second claim concerns his testimony at trial. McCullum alleges that his trial counsel coerced him into lying on the stand and forced him to testify that he remembered events surrounding the shooting. Instead, McCullum claimed that he had no recollection of the events.

However, even taking his allegation as accurate and assuming it constituted deficient performance, McCullum cannot prove prejudice. Before he gave his testimony, McCullum took an oath to testify truthfully. *See* Kentucky Rule of Evidence ("KRE") 603. Thereafter, any false statement he made was his responsibility, as "[t]he oath acted as a break in the causal connection between the alleged bad advice . . . [of] trial counsel and . . . [the alleged] . . . false testimony." *Todd v. Commonwealth*, No. 2015-CA-000681-MR, 2017 WL 128601, at *3 (Ky.

App. Jan. 13, 2017).[2]  Accordingly, McCullum "was put on notice that he had a duty to testify truthfully [which] precludes him from raising a claim of ineffective assistance of counsel based on counsel's alleged advice to commit perjury." *Id*. The trial court correctly denied a hearing on this issue, and we affirm.

### III.    Mitigating Evidence During the Trial's Penalty Phase

Lastly, McCullum claims that his trial counsel was ineffective in failing to present adequate mitigating evidence regarding McCullum's background and mental illness during the trial's penalty phase.  However, the record reflects that trial counsel was not deficient in his performance, and McCullum did not suffer any prejudice, as he presented all the information discussed in his RCr 11.42 motion to the jury during the guilt phase of his trial.

The *Strickland* court ruled that when alleging ineffective assistance of counsel, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation marks omitted) (quoting *Michel v. State of Louisiana*, 350 U.S. 91, 101, 765 S. Ct. 158, 100 L. Ed. 83 (1955)).

Here, trial counsel's decision not to offer further testimony could have been a legitimate trial strategy decision.  At the penalty phase, McCullum

---

[2] We cite this opinion pursuant to RAP 41.

apologized to the victim's family for his actions. Following his apology with such testimony could have emphasized McCullum's history of poor decisions and drug abuse. Trial counsel may have decided not to highlight these choices for the jury by reviewing them again during the penalty phase.

Nor did McCullum suffer any prejudice from counsel's actions. During the guilt phase of the trial, McCullum testified to most of the mitigating evidence he claims the jury did not hear, including his difficult childhood, extensive history of substance abuse, and mental illness. The Kentucky Supreme Court has held that a jury may consider evidence from the guilt phase of a trial during the penalty phase. *Harper v. Commonwealth*, 978 S.W.2d 311, 317 (Ky. 1998).

McCullum further alleges that defense counsel should have called an expert witness to testify during the penalty phase about "why Appellant's mental health issues, drug abuse and other stressors led to a state of mind wherein he was given to psychosis." As previously discussed, McCullum's expert gave the jury such information during the trial's guilt phase.

For example, the expert described to the jury specific stressors in McCullum's life and how such stressors, along with sleep deprivation, could have produced paranoia and delusions. The expert further discussed McCullum's long-term drug abuse, how his drug use had increased over the past two years, and

specifically stated that McCullum was in a "psychotic delusional paranoid . . . state" on the date of the shooting.  Therefore, because counsel's performance was not deficient and no prejudice to McCullum existed, we affirm the trial court's ruling on this issue is affirmed.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the Jefferson Circuit Court's denial of McCullum's RCr 11.42 motion and request for an evidentiary hearing.


ALL CONCUR.


BRIEF FOR APPELLANT:

Christopher McCullum, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky