RENDERED: MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0907-MR

EMMANUEL CURRY                                                 APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.       HONORABLE MARY K. MOLLOY, JUDGE
ACTION NO. 21-CR-00213

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND EASTON, JUDGES.

EASTON, JUDGE: Appellant Emmanuel Curry (Curry), *pro se*, appeals from an

Order of the Kenton Circuit Court denying his RCr[1] 11.42 motion without an

evidentiary hearing. Following an open plea, Curry was sentenced to 20 years'

imprisonment for possession of child pornography and tampering with physical

evidence. Curry alleges his counsel was ineffective by failing to obtain a plea offer

---

[1] Kentucky Rules of Criminal Procedure.

from the Commonwealth, by advising him to enter an open plea in lieu of proceeding to a jury trial, and by failing to present mitigating evidence to the circuit court prior to sentencing. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In April 2021, Curry was indicted on 69 counts of Possessing or Viewing Matter Portraying a Sexual Performance by a Minor in violation of KRS[2] 531.335, and one count of Tampering with Physical Evidence in violation of KRS 524.100. In April 2022, after the Commonwealth refused to offer a plea agreement, Curry entered an open plea to all charges.

During the plea colloquy, Curry testified that he had read and understood the Motion to Enter a Guilty Plea and understood that the charges were for images he had on his phone and for trying to conceal his phone. Curry confirmed he understood his rights and waived those rights by pleading guilty. He acknowledged he had discussed his case and possible defenses with his attorney, and he was satisfied with the services provided to him. Curry confirmed he understood he was entering an open plea and that no plea offer had been made by the Commonwealth.

Curry's counsel informed the circuit court that the plea was consistent with his advice because Curry did not really have any other viable option. Counsel

---

[2] Kentucky Revised Statutes.

also stated he explained the nature of the charges to Curry, discussed any possible defenses, explained Curry's constitutional rights to him in great detail, and believed Curry understood what he was doing by entering the guilty plea.

After the circuit court accepted the plea, the Commonwealth told the court it would present evidence at the sentencing hearing to support its request for the maximum penalty. Curry's counsel said he would submit an alternative sentencing plan for the court's consideration, and that this plan would include the psychological evaluation performed by Dr. Ed Connor, a general and forensic psychologist hired by the defense.

At the sentencing hearing in June 2022, the Commonwealth presented testimony from the detective who investigated the case. He was cross-examined by Curry's counsel. Curry then read a written statement into the record acknowledging his crimes, expressing remorse, and asking for mercy in sentencing.

Curry's counsel and the Commonwealth each made arguments as to the imposition of sentence. Curry's counsel requested Curry be placed on probation through the Mental Health Court program, noting Curry was designated as "low risk" by probation and parole, by the Commonwealth's evaluator who performed the sex offender assessment ordered by the circuit court, and by Dr. Connor. Considering Curry's low risk and abusive childhood referenced in Dr.

-3-

Connor's evaluation, counsel argued Curry would receive more effective treatment in the community than in prison. The Commonwealth argued in favor of the maximum sentence of 20 years' imprisonment due to the indescribably vile content of the numerous images and videos possessed by Curry.

The circuit court ultimately sentenced Curry to the maximum, a total of 20 years' imprisonment. Curry did not appeal his conviction and sentence. Rather, in May 2025, he filed a Motion to Vacate and/or Set Aside Judgment of Conviction and Sentence pursuant to RCr 11.42 and requested an evidentiary hearing. Curry argued he was denied effective assistance of counsel because his attorney failed to secure a plea deal and recommended an open plea. The circuit court denied the motion without a hearing, and Curry filed this timely appeal.

## STANDARD OF REVIEW

We evaluate ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), adopted by the Kentucky Supreme Court in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). Under the *Strickland* framework, an appellant must first show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. A "deficient performance" contains errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the appellant must show that counsel's deficient performance prejudiced his defense at

trial. *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* An appellant must satisfy both elements of the *Strickland* test in order to merit relief. *Id.*

In order to show actual prejudice in the context of a guilty plea, a defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

Courts presume that counsel's performance was reasonable. *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (citations omitted). We must analyze counsel's overall performance and the totality of circumstances to determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable. We apply the *de novo* standard when reviewing counsel's performance under *Strickland. Id*.

When the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, we review "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). Kentucky law requires an evidentiary hearing only "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or

disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted).

## BRIEF NON-COMPLIANCE

Before we turn to Curry's arguments, we must address the deficiencies in his brief. While this Court recognizes that Curry is a *pro se* litigant, that does not exempt him from the requirement to follow the Kentucky Rules of Appellate Procedure (RAP). *See Hamilton v. Milbry*, 676 S.W.3d 42, 44 (Ky. App. 2023). Curry's brief fails to comply with multiple provisions of our RAP. Specifically, Curry's brief contains absolutely no references to the record below, nor does it contain a preservation statement referencing where his arguments were properly preserved for review. He does cite case law to support his arguments, but those arguments are unorganized and somewhat difficult to discern. All of these deficiencies are violations of RAP 32. But because the record in this case is not voluminous, we will overlook Curry's non-compliance and proceed with our review while stating we do not condone the deficiencies in Curry's brief.

## ANALYSIS

Curry raises the same issues on appeal as he argued before the circuit court: that he was denied effective assistance of counsel due to trial counsel's failure to secure a plea deal and in recommending an open plea. We disagree.

To prove ineffective assistance of counsel where a guilty plea has been entered, the movant must establish:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009) (citations omitted). "[T]he trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea." *Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001).

Here, the circuit court noted it was well known that no plea bargains were offered by the prosecutor in this jurisdiction in cases involving charges such as those leveled against Curry. It is within the prosecutor's sole discretion whether to provide an offer to a plea agreement in a criminal case. *See Flynt v. Commonwealth*, 105 S.W.3d 415, 425 (Ky. 2003) ("[P]rosecutors have the sole discretion whether to engage in plea bargaining with a defendant"); *Commonwealth v. Corey*, 826 S.W.2d 319, 321 (Ky. 1992) ("[W]hether to engage in plea bargaining is a matter reserved to the sound discretion of the prosecuting authority"); *Commonwealth v. Reyes*, 764 S.W.2d 62, 64 (Ky. 1989) (citing

*Weatherford v. Bursey*, 429 U.S. 545 (1977)) ("No defendant has a constitutional right to plea bargain. The prosecutor may engage in it or not in his sole discretion. If he wishes, he may go to trial"). With the Commonwealth here offering no plea agreement, Curry's only options were to enter an open plea of guilty to the charges or go to trial.

The evidence in this record is almost unimaginable. There were 47 separate images and 22 separate videos on Curry's cell phone which contained acts involving prepubescent minors, including children as young as newborn infants with hospital bracelets still on them. The child victims were raped, anally and orally sodomized, subjected to bestiality, bondage, and even the mutilation of the female genitalia of a 2-year-old child. The evidence showed an escalation of violent child pornography that included victims who were tied, gagged, and tortured.

The Commonwealth refused to offer a plea agreement, with the prosecuting attorney stating on the record this was the worst case of child pornography she had ever seen and that she would not put her name on anything less than the maximum for someone deriving pleasure from the type of videos possessed by Curry. Again, the decision to refuse to plea bargain was within the Commonwealth's sole discretion under Kentucky law. As a result, Curry's counsel

committed no error by failing to secure a plea agreement that was never going to be offered.

Counsel also did not render ineffective assistance by recommending that Curry enter an open plea. Counsel stated at the plea hearing that Curry had no defense to the charges and it was not in Curry's best interest to try his case before a jury. Such legal advice does not constitute ineffective assistance of counsel. *See Beecham v. Commonwealth*, 657 S.W.2d 234, 236-37 (Ky. 1983) (citations omitted) ("It is well established that the advice by a lawyer for a client to plead guilty is not an indication of any degree of ineffective assistance.").

The circuit court also found no evidence which would raise doubts as to the voluntariness and validity of the plea. We have reviewed the record and likewise find no errors by counsel which raise doubt as to the voluntariness and validity of the plea. Curry signed a written Motion to Enter a Guilty Plea. Curry indicated at the plea colloquy that he was properly advised and comfortable with entering a guilty plea. Curry has never claimed he was innocent of the charges, or that his counsel failed to render an appropriate investigation of the facts, or that counsel failed to secure witnesses on his behalf, or that he had any defense to the charges.

Curry simply regrets his decision to enter an open guilty plea and, after receiving the maximum sentence of imprisonment, wishes he had taken his

chances with a jury. But hindsight or a change of heart is not a proper ground to collaterally attack a judgment of conviction under RCr 11.42. Curry's regret after the fact is unrelated to trial counsel's proper representation in recommending an open plea. There is no evidence to support a finding that entering an open guilty plea was not sound strategy.

In evaluating counsel's performance, reviewing courts must "look to the particular facts of the case and determine whether the acts or omissions were outside the wide range of professionally competent assistance to the extent that the errors caused the adversarial testing process not to work." *Harper v. Commonwealth*, 978 S.W.2d 311, 315 (Ky. 1998) (internal quotation marks and citations omitted). Second-guessing strategy with the benefit of hindsight should be avoided.

Here, considering the particular evidence against Curry, counsel's strategy of entering an open plea with the hopes of receiving a lesser sentence from the court, in lieu of presenting highly offensive evidence to a jury, was within the range of professionally competent assistance. Curry's counsel was not ineffective by advising Curry to take the chance that a judge with more experience than any given juror in dealing with such difficult matters might have imposed a lesser sentence.

In his handwritten *pro se* brief, Curry spends much time comparing the sentence in his case to sentences imposed in other cases throughout Kentucky. In presenting this argument, Curry misapplies the doctrine of *stare decisis*. Curry appears to argue that it is unfair that others similarly charged received lesser sentences. He extrapolates that if he had gone to trial he would have received a lesser sentence.

This argument is pure speculation. It is *possible* that a jury might have imposed a lesser sentence. But it is highly unlikely that a jury would have given Curry a lesser sentence considering the disgusting and disturbing content of the images and videos Curry enjoyed. Possibilities do not equate with the required showing of prejudice. Curry simply cannot show prejudice from his counsel's actions.

Curry attempts to raise a new issue on appeal that trial counsel failed to properly submit to the circuit court the psychological report of Dr. Connor, which contained mitigation evidence that, if properly considered, would have resulted in a lesser sentence. While it does not appear that this issue was properly preserved, the record clearly refutes this claim anyway.

Curry's Alternative Sentencing Plan was filed with the circuit court clerk on June 3, 2022, and it included Dr. Connor's 11-page Psychological and Psychosexual Evaluation, as well as an "Update" letter from Dr. Connor dated

April 19, 2022. This Court has reviewed the sentencing hearing held on June 6, 2022, where Curry was present while his counsel argued points made in Dr. Connor's evaluation in support of mitigation of sentence, while the Commonwealth's witness disputed the findings of Dr. Connor, and while the Commonwealth's attorney zealously challenged the opinions of Dr. Connor.

Finally, Curry insinuates that the judge had already made up her mind before the sentencing hearing to give him the maximum. This is patently false. The record shows that the judge clearly suffered through the unpleasant details of the case during a relatively long sentencing hearing. She even took a recess before stating her decision. Curry has offered no evidence for this unpreserved accusation, and the record clearly refutes it.

## CONCLUSION

Finding no error in the denial of Curry's RCr 11.42 motion without an evidentiary hearing, the decision of the Kenton Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Emmanuel Curry, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky