David H. BREWSTER, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1986.

Rehearing Denied Dec. 31, 1986.

Discretionary Review Denied by
Supreme Court March 4, 1987.

Nancy M. Curtis, Appellate Public Advocate, Lexington, for appellant.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

HAYES, Chief Judge:

This court is presented with an issue which appears, judging from the number of appeals we receive involving RCr 11.42 motions, to give trial courts and counsel considerable problems. As neither appellant nor appellee has cited *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we will first outline the procedure to be followed as dictated by *Strickland* and then apply those guidelines to the single issue in this appeal—effective assistance of counsel at the trial stage.

*Strickland* recites the mandates of the Sixth Amendment to the United States Constitution of the right of effective assistance of counsel for all defendants. The underlying question to be answered is whether trial counsel's conduct has so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The Kentucky Supreme Court has adopted *Strickland* in *Gall v. Commonwealth,* Ky., 702 S.W.2d 37 (1985).

An appellant who asserts an ineffectiveness claim must prove to the satisfaction of the trial court that the performance of the trial counsel was deficient and, then, that that deficiency resulted in actual prejudice so as to deprive the appellant of a fair trial. If trial counsel's performance was determined to be deficient, but it appears the end result would have been the same, the appellant is not entitled to relief under RCr 11.42.

Prejudice is defined in *Strickland* as proof by the defendant that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.

The trial court is permitted to examine the question of prejudice *before* it de-

termines whether there have been errors in counsel's performance. In making its decision on *actual* prejudice, the trial court obviously may and should consider the totality of the evidence presented to the trier of fact. If this may be accomplished from a review of the record the defendant is not entitled to an evidentiary hearing.

■ We now turn to the facts in the present case. David Brewster robbed the Ashland Foodland grocery in Ashland, Kentucky, and in the process shot and killed one man and shot and wounded two other individuals. He waived his right to trial by jury and the trial court found him guilty of all charges and sentenced him to 120 years total.

Brewster appealed to the Kentucky Supreme Court which affirmed his conviction. *Brewster v. Commonwealth,* Ky., 568 S.W.2d 232 (1978). In his RCr 11.42 motion, which parrots the language of the above opinion, it is claimed that he received ineffective assistance of trial counsel because: (1) counsel failed to proceed with jury voir dire after a change of venue was denied, thereby causing him to waive his right to jury trial without first determining if he could obtain an unbiased jury, and (2) counsel abandoned his only defense, insanity from drug abuse, by not properly questioning the psychiatric witness. Appellant also raises a double jeopardy claim in his RCr 11.42 motion which we will not consider as such claim is not appropriate for RCr 11.42 relief.

The trial court found, based upon a review of the record, that counsel rendered effective assistance to appellant on the jury voir dire claim. It had before it the colloquy between the trial judge and the appellant at the time he waived his right to a jury trial. It is sufficiently clear that the trial court had questioned the appellant, under oath, as to whether he was making the waiver of his own free will and accord. Whether the decision to plead may or may not have been a tactical error on the part of counsel when viewed with hindsight is not the question. Appellant simply can show no actual prejudice as there is no showing

by appellant that the results of the trial would have been any different.

The same result is obtained on the second issue raised in this RCr 11.42 appeal. As the trial court stated in his findings on the original trial:

The Court can accept medical opinions or it has the right not to accept medical opinions. The Court has the same rights as any juror would have in a case of this type. If they do not wish to believe the opinion of the expert they do not have to accept it.

The trial judge heard evidence from appellant that he had no recollection of his activities for two months before and after the crimes of which he was accused, and evidence from medical experts who stated that they could base an opinion of appellant's mental condition at that period of time only upon what he had told them. One of those experts testified that he did not believe the appellant. It is therefore difficult to imagine how the end result of this trial would have been any different regardless of the line of questioning pursued by trial counsel in his examination of the medical experts. Assuming, for the sake of argument, that this was an "unprofessional error" on the part of trial counsel, appellant has failed to establish a reasonable probability that the result would have been different.

Considering the totality of the evidence, eliminating the distorting effect of hindsight and indulging in the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *Strickland v. Washington, supra,* coupled with the lack of a showing of prejudice to appellant, we find no abuse of discretion by the trial court in denying appellant's RCr 11.42 motion without an evidentiary hearing.

Judgment is affirmed.

All concur.