**COMMONWEALTH of Kentucky, Appellant,**

v.

**Jerry Wesley GILPIN, Appellee.**

**No. 88–CA–2461–MR.**

Court of Appeals of Kentucky.

Sept. 15, 1989.

Discretionary Review Denied by Supreme Court Nov.1, 1989.

Frederic J. Cowan, Atty. Gen., Frankfort, Dwight Preston, Sp. Asst. Atty. Gen., Elizabethtown, for appellant.

Richard C. Gibson, Louisville, for appellee.

Before EMBERTON, HOWARD and McDONALD, JJ.

HOWARD, Judge.

The Commonwealth appeals from a judgment of the Hardin Circuit Court vacating a criminal conviction on the grounds of ineffective assistance of counsel.

The appellee, Jerry Wesley Gilpin, was convicted of murder in December of 1981, for killing a man by stabbing him with a knife. As a result, appellant was sentenced to life in prison. The conviction was affirmed by the Kentucky Supreme Court. The victim's body was discovered between 8:00 and 9:00 a.m. on Sunday morning, May 17, 1981, near Radcliff, Kentucky. The time of death was estimated to be in the late evening of May 16. The victim had been employed at a business called Charlie's Pizza, which was partly owned by the appellee. The knife found under the body was stipulated to be a knife from Charlie's Pizza.

According to the evidence, the appellee and the victim were seen together between 9 and 10 p.m. on May 16, and a station wagon, similar to the one owned by the appellee, was seen parked at Tony's Pizza near where the body was found between 12 and 1 p.m. There was also testimony that the appellee often carried a knife and practiced throwing knives.

The appellee's defense was that he had an alibi. The appellee and four witnesses testified that he and his girlfriend were at a bar in Louisville from 10 p.m. on May 16, until 1:30 or 2 a.m. on May 17.

Ricky Skaggs was a key prosecution witness. Skaggs testified that he was walking near Tony's Pizza at 1 a.m. on May 17 and saw a vehicle, similar to the appellee's, sitting in the pizzeria's parking lot. In addition, Skaggs testified that he saw a man walking away from the road whom he positively identified as the appellee. Skaggs stated he first learned of the victim's death at 10 a.m. on May 17.

According to his testimony, Skaggs was sitting in Hardin County District Court when the appellee was brought into the courtroom. Skaggs testified that he recognized the appellee as the person he saw that night and reported this to Detective Lacey, the chief investigating officer in the case at bar. Then the following exchange took place between the prosecutor and Skaggs:

Q. In other words, your identification then was pretty much unprompted, coincidental?

A. Yes, sir.

Q. You were just there in the court and saw him come in?

A. Yes, sir.

    .     .     .     .     .

Q. You don't have any reason to lie one way or the other?

A. No, sir.

Q. You have no interest in the outcome of this litigation?

A. No, sir.

Q. You're just here as an interested citizen?

A. Yes, sir.

During Skaggs' cross-examination, the following occurred between Skaggs and the appellee's trial counsel:

Q. Ricky, what were you doing in the courtroom that particular day?

A. Sir?

Q. What were you doing in that courtroom?

Mr. Preston: Objection, your Honor.

A bench conference was held at that time. The appellee's trial counsel stated that Skaggs was in the district courtroom on a forgery charge. The trial judge sustained the objection because the charge had been dismissed. The trial judge stated that if Skaggs had been convicted of a felony, then the appellee's counsel could have brought it out as going to his honesty.

On October 4, 1988, the appellee filed a *pro se* RCr 11.42 motion to vacate his conviction. The appellee made several allegations, but he first claimed that he was rendered ineffective assistance of counsel because his trial counsel failed to discover Skaggs' possible motive to testify. The trial court granted the appellee's motion, but not precisely on any ground put forth by the appellee.

The trial court reasoned that the appellee's counsel should have been permitted to cross-examine Skaggs regarding a possible "deal" with the Commonwealth to testify against the appellee in exchange for dismissal of the forgery charge. The trial court stated that at the time, he believed the appellee's trial counsel was trying to show prior acts of misconduct which would be improper, but a defendant can always cross-examine concerning bias or prejudice. However, the appellee's trial counsel made no argument that he wished to pursue the possibility of a "deal" in his cross-examination and did not preserve the issue by avowal or address it on appeal. The trial court ruled that because of his trial counsel's inaction, the appellee was rendered ineffective assistance of counsel and ordered a new trial.

Although the grounds for the trial court's decision were not really discussed in the appellee's motion, the trial court granted the motion stating that a *pro se* motion should not be held to the same standards applied to professional legal counsel. An evidentiary hearing was not held because the trial court determined the error was apparent from the record. The other issues in the appellee's RCr 11.42 motion were not considered. The Commonwealth appeals that order.

The Commonwealth contends that the trial court erred in vacating the appellee's conviction and erred in failing to hold an evidentiary hearing.

In *Brewster v. Commonwealth*, Ky. App., 723 S.W.2d 863 (1986), this Court noted the test for ineffective assistance of counsel was outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant who asserts a claim of ineffective assistance of counsel must prove that the performance of trial counsel was deficient and that this deficiency resulted in prejudice. *Strickland, supra.* "Prejudice is defined in *Strickland* as proof by the defendant that there is a reasonable probability that, but for counsel's unprofessional errors, the results would have been different." *Brewster, supra*, at 864.

The Commonwealth asserts that if there was an error, it was not prejudicial. Attached to the Commonwealth's motion to reconsider and/or alter, amend or vacate the trial court's order was a document which was purported to be a district court record concerning the dismissal of Skaggs' forgery charge. That record indicates that the forgery case was dismissed at the request of the father of the prosecuting witness. The Commonwealth asserts that because there was no "deal" between it and Skaggs regarding his testimony in exchange for a dismissal of the forgery charge, there was no prejudice to the appellee when the trial counsel failed to attempt a cross-examination on this issue.

■ The court below did not consider the question of prejudice. The Commonwealth urges that this case be at least remanded back to the circuit court for an evidentiary hearing on that question. We agree.

The appellee makes the point that the Commonwealth argued in its response to his RCr 11.42 motion that an evidentiary hearing was unnecessary and only argued to the contrary in its motion to reconsider after the trial court ruled against it. This is true. But the grounds for the trial court's order were not the same as those stated in the RCr 11.42 motion. The Commonwealth obviously did not believe a hearing was necessary until after it saw the trial court's ruling. We do not think it inconsistent that the Commonwealth would then seek a hearing to show the error, if any, was not prejudicial.

The appellee also makes much of the fact that the Commonwealth only appealed the order granting the RCr 11.42 motion to vacate and not the order denying the motion to reconsider. The appellee argues that because the denial of Commonwealth's request for a hearing has not been appealed, this Court should not review that denial.

■ The Court in *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986), stated that with regard to rules of procedure concerning appeals, a policy of substantial compliance as set out in CR 73.02(2) would be followed. The appellee is essentially seeking a dismissal of that part of the Commonwealth's appeal in which a hearing is requested. The Court in *Ready, supra,* at 482, stated that dismissal is not the proper remedy for defects of this type if "the judgment appealed from can be ascertained with reasonable certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the opponent." We think it is clear what orders the Commonwealth was appealing from and can see no substantial harm or prejudice incurred by the appellee.

The appellee also maintains that the actual error was the denial of his right of cross-examination and the issue of ineffectiveness of counsel need not have been addressed. The reason, presumably, the appellee makes this argument is that in *Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347, 355 (1974), the Supreme Court stated that under the facts, denial of a defendant's right to effective cross-examination was "constitutional error of the first magnitude and no showing of want of prejudice would cure it." However, in *Williams v. Commonwealth,* Ky., 569 S.W.2d 139 (1978), the Court refused to decide whether in every case a denial of effective cross-examination was such an error that a new trial must be held even though no prejudice was shown.

■ A constitutional error which contributed to conviction is presumed to be prejudicial unless it was harmless beyond a reasonable doubt. *Blake v. Commonwealth,* Ky., 646 S.W.2d 718 (1983). Thus, if the trial court, on the holding of an evidentiary hearing, is shown that the Commonwealth did not seek or otherwise participate in the dismissal of Skaggs' forgery charge in exchange for his testimony against the appellee, there was no bias or prejudice to be explored on cross-examination. The alleged error would then approach the status of harmless beyond a reasonable doubt. The only way to answer these questions concerning prejudice is to hold an evidentiary hearing.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

All concur.