RENDERED:  JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1655-MR

SHERMAN DEJUAN DAVIS                                              APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCH PERRY, JUDGE
ACTION NO. 94-CR-002195

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Sherman Dejuan Davis ("Appellant") appeals from an

opinion and order of the Jefferson Circuit Court denying his motion for a new trial

pursuant to Kentucky Rules of Civil Procedure ("CR") 60.02 and CR 60.03.  He

argues that he received ineffective assistance of counsel, that there was a *Brady*[1]

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

violation when he did not receive exculpatory documents prior to trial, and that the double jeopardy clause was violated when the same evidence was used to convict him for two offenses. We conclude that a claim of ineffective assistance may not properly be raised via CR 60.02 and CR 60.03; that Appellant's trial counsel did receive the exculpatory evidence that Appellant claims was withheld; and, that the proper procedure for raising a double jeopardy claim is via direct appeal. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court.

### **FACTS AND PROCEDURAL HISTORY**

In 1995, Appellant was convicted in Jefferson Circuit Court of Murder and Criminal Abuse in the First Degree.[2] His conviction was affirmed by the Kentucky Supreme Court in *Davis v. Commonwealth*, 967 S.W.2d 574 (Ky. 1998).

On June 18, 2001, Appellant filed a Kentucky Rules of Criminal Procedure ("RCr") 11.42 motion alleging ineffective assistance of counsel. The motion was denied on November 13, 2001. A panel of this Court affirmed in part, vacated in part, and remanded for an evidentiary hearing. On remand, and after an extensive delay, the trial court conducted a hearing and again denied Appellant's RCr 11.42 motion. This Court affirmed the trial court's decision on September 21, 2012.

---

[2] Kentucky Revised Statues ("KRS") 507.020 and KRS 508.100.

On March 14, 2018, Appellant moved for a new trial based on CR 60.02 and CR 60.03. In support of the motion, Appellant again argued that he received ineffective assistance of counsel, that there was a *Brady* violation when the Commonwealth failed to turn over exculpatory documents prior to trial, and that the double jeopardy clause was violated. On September 4, 2019, the trial court denied the motion upon determining that an ineffective assistance of counsel claim must be raised, if at all, via RCr 11.42, that Appellant did receive the exculpatory materials prior to trial, and that the double jeopardy claim should have been raised on direct appeal to the Kentucky Supreme Court. This appeal followed.[3]

## ARGUMENT AND ANALYSIS

Appellant, *pro se*, argues that the Jefferson Circuit Court committed reversible error in denying his motion for CR 60.02 and CR 60.03 relief. Though it is unclear from Appellant's written argument, he appears to argue that his trial counsel failed to provide effective assistance. He goes on to argue that newly discovered evidence was improperly withheld from him prior to trial, which proves that he could not have committed the offense. He also asserts that a double

---

[3] On October 9, 2020, the Department of Public Advocacy moved to withdraw its representation of Appellant upon determining that this appeal is not one that a reasonable person with adequate means would be willing to bring at his own expense. *See* KRS 31.110(2)(c). The motion was granted, and Appellant proceeded *pro se*.

jeopardy violation occurred because the Commonwealth used the same evidence to convict him of murder and criminal abuse in the first degree.

CR 60.02

> is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The standard of review on a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citation omitted). CR 60.02 is an extraordinary remedy that is "available only when a substantial miscarriage of justice will result from the effect of the final judgment." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966).

RCr 11.42 is the only proper method of asserting a claim of ineffective assistance. *Gross*, *supra.* Appellant previously prosecuted an RCr

11.42 motion in 2001 alleging ineffective assistance of counsel, which was denied by the Jefferson Circuit Court and subsequently affirmed by this Court.[4]

As to the Appellant's claim of a *Brady* violation, the Jefferson Circuit Court correctly determined that Appellant's trial counsel did receive the exculpatory evidence which Appellant claims was withheld. These documents include medical records, family court records, and Cabinet for Health and Family Services records.[5]

Finally, the proper procedure for raising a double jeopardy claim is via direct appeal. *See Brewster v. Commonwealth*, 723 S.W.2d 863, 865 (Ky. App. 1986). Appellant's double jeopardy claim should have been raised, if at all, by way of his direct appeal to the Kentucky Supreme Court in 1998. The facts and law supporting a claim of double jeopardy, if any, were known or should have been know when the direct appeal was prosecuted.

## CONCLUSION

Grounds of error which can be raised by way of direct appeal or RCr 11.42, i.e., the double jeopardy and ineffective assistance of counsel claims, cannot be raised via CR 60.02. Appellant's claim of a *Brady* violation is refuted by the

---

[4] *Davis v. Commonwealth*, No. 2001-CA-002682-MR, 2004 WL 67643 (Ky. App. Jan. 16, 2004) and *Davis v. Commonwealth*, No. 2010-CA-002170-MR, 2012 WL 4208915 (Ky. App. Sep. 21, 2012).

[5] Transcript of Record at pp. 891, 968, and 980-82.

record. The Jefferson Circuit Court properly so concluded, and this conclusion is supported by the record and the law. As such, the circuit court's decision was not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. We find no abuse of discretion. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sherman Dejuan Davis, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky