RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0935-MR

JETH NELSON                                                                                    APPELLANT


APPEAL FROM MCCRACKEN CIRCUIT COURT
v.        HONORABLE WILLIAM A. KITCHEN, III, JUDGE
ACTION NO. 15-CR-00464


COMMONWEALTH OF KENTUCKY                                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND TAYLOR, JUDGES.

COMBS, JUDGE: Appellant, Jeth Nelson (Nelson), appeals from an order of the

McCracken Circuit Court denying the motion for relief that he filed pursuant to

RCr[1] 11.42.

In 2016, a jury found Nelson guilty of first-degree rape. The

underlying facts were set forth in considerable detail in this Court's decision

---

[1] Kentucky Rules of Criminal Procedure.

affirming on direct appeal, *Nelson v. Commonwealth*, 2016-CA-001920-MR, 2018 WL 4050746 (Ky. App. Aug. 24, 2018).

We have reviewed that Opinion and need not repeat the graphic details set forth in its factual scenario, but we briefly summarize the relevant facts as pertinent to this Opinion.

In October of 2014, N.R., the victim of the alleged rape, came from California to Paducah, Kentucky, to visit a friend, Honey Hastings. N.R. was separated at that time from her husband in California. During the course of her visit, she engaged in consensual sexual relations with several other men prior to the rape of which Nelson was convicted.

Nelson initially denied having sexual relations with N.R. during the course of two separate interviews by the police. However, DNA testing confirmed the presence of Nelson's DNA. Our previous Opinion summarized Nelson's reaction to that news as follows:

> The detective interviewed Nelson via telephone in June 2015 after DNA testing revealed Nelson's DNA was present on N.R.'s vaginal swab. Nelson again denied having sex with N.R. Detective Frommeyer then asked Nelson if there was a reason why his DNA would have come back on the test. Nelson said, "no." The detective asked his question again, and Nelson said, "Right, I, so, my DNA did come back on her?" "Yeah," answered Detective Frommeyer. The detective then asked if the sex was consensual. Nelson said he would call right back. He never did.

On October 9, 2015, the McCracken County grand jury returned an indictment charging Nelson with first-degree rape and first-degree sodomy -- oral sex. A two-day trial commenced on September 6, 2016. **The defense theory was that the sexual activity was consensual**.

(Emphasis added.)

During his trial, Nelson took the stand and testified. He continued to deny the sodomy charge as to oral sex, but he now admitted the sexual encounter with N.R. -- contending that it was consensual. However, a detailed report by an experienced sexual assault nurse examiner (SANE) revealed seven injuries consistent with rape that were observed and documented in the course of her examination of N.R. in the emergency room.

After hearing all of the testimony and other evidence, the jury convicted Nelson of first-degree rape but acquitted him of the sodomy charge.

On October 23, 2019, Nelson, *pro se*, filed a motion for relief pursuant to RCr 11.42, alleging that he was denied effective assistance of counsel. By an order entered on January 8, 2020, the McCracken Circuit Court denied Nelson's motion. The court determined that appointment of counsel and an evidentiary hearing were not required because the record conclusively resolved Nelson's claims. In its order denying CR 11.42 relief, the trial court carefully reviewed Nelson's contentions of error in light of the pertinent law. After

-3-

analyzing Nelson's contentions, the court weighed each of them against the evidence and concluded as follows:

> There is a strong presumption that counsel's conduct falls within a wide range of reasonable, professional assistance. Commonwealth v. Ferguson, 581 S.W.3d 1,6 (Ky. 2019). A reviewing court must focus on the totality of the evidence before the judge or jury and assess the overall performance of counsel throughout the case in order to determine whether the identified acts or [o]missions overcome the presumption that counsel rendered reasonable professional assistance. Id. (internal citations omitted).
>
> Viewing the performance of Nelson's counsel as a whole, Nelson received reasonable professional assistance. His attorney made appropriate objections, asked appropriate, pertinent questions, and presented a proper defense.
>
> . . . .
>
> While certainly not perfect, Nelson's counsel rendered reasonable, professional assistance to Nelson, and Nelson is not entitled to relief under RCr 11.42.

Nelson then appealed the court's denial of his RCr 11.42 motion.

In *Brewster v. Commonwealth*, 723 S.W.2d 863, 864-65 (Ky. App. 1986), this Court explained:

> *Strickland*[2] recites the mandates of the Sixth Amendment to the United States Constitution of the right of effective assistance of counsel for all defendants. The underlying question to be answered is whether trial

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

-4-

counsel's conduct has so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The Kentucky Supreme Court has adopted *Strickland* in *Gall v. Commonwealth*, Ky., 702 S.W.2d 37 (1985).

An appellant who asserts an ineffectiveness claim must prove to the satisfaction of the trial court that the performance of the trial counsel was deficient and, then, that that deficiency resulted in actual prejudice so as to deprive the appellant of a fair trial. If trial counsel's performance was determined to be deficient, but it appears the end result would have been the same, the appellant is not entitled to relief under RCr 11.42.

Prejudice is defined in *Strickland* as proof by the defendant that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.

The trial court is permitted to examine the question of prejudice *before* it determines whether there have been errors in counsel's performance. In making its decision on *actual* prejudice, the trial court obviously may and should consider the totality of the evidence presented to the trier of fact. If this may be accomplished from a review of the record the defendant is not entitled to an evidentiary hearing.

Where, as here, a trial court does not conduct an evidentiary hearing in an RCr 11.42 matter, our record focuses solely on whether the grounds alleged are conclusively refuted by the record. If so, no evidentiary is required. *Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (citing *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967)). Additionally, *Haley* provides that:

-5-

> [w]here the record is clear that an ineffective assistance of counsel claim would ultimately fail the prejudice prong of *Strickland*, regardless of the outcome of a hearing on the deficiency prong, the trial court should be affirmed even in the absence of such a hearing.

*Id.* at 751.

Nelson first argues that his "trial attorney was ineffective when he failed to conduct a pretrial investigation regarding the medical evidence, failed to obtain a defense expert witness, and failed to call Dr. Jeremy Klope as witness." Specifically, he observes that Dr. Klope advised trial counsel that consensual sexual intercourse can cause vaginal abrasions and that there is no way to differentiate vaginal abrasions or bruises for a period of 15-50 hours. Nelson argues that his trial counsel should have called Dr. Klope or another physician as an expert to rebut the testimony of the SANE. Nelson contends that "[t]he jury would have held Dr. Klope's opinion higher than the SANE because he is a physician, and the SANE's supervisor. Alternatively, trial counsel could have obtained another medical expert, to testify to the same thing." Nelson asserts that he suffered prejudice as a result of trial counsel's failure to call Dr. Klope because that there is a reasonable probability that the outcome of the proceedings would have been different if the jury could have reasonably inferred that N.R.'s vaginal bruising was caused by consensual sex -- either with N.R. or previously with a different partner.

We do not agree. It is axiomatic that "a trial counsel's choice of whether to call witnesses is generally accorded a presumption of deliberate trial strategy and cannot be subject to second-guessing in a claim of ineffective assistance of counsel." *Saylor v. Commonwealth*, 357 S.W.3d 567, 571 (Ky. App. 2012). Absent more than merely conclusory allegations, we are compelled to defer to the presumption of deliberate choice of trial strategy.

However, even if we were to accept Nelson's argument that his trial attorney was ineffective in failing to call Dr. Klope (or another physician) as an expert witness, Nelson has failed to demonstrate prejudice as required by *Strickland -- i.e.*, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. As Nelson acknowledges in his brief, this was a classic case of "he said/she said" which boiled down to witness credibility. N.R. testified that Nelson forced her into having sex, and the jury believed her. *See Mash v. Commonwealth*, 376 S.W.3d 548, 558 (Ky. 2012) (internal quotation marks and citations omitted) ("[T]his Court has repeatedly held that [even] the unsupported testimony of a victim of a sex crime, if the testimony is not contradictory or incredible, or inherently improbable, is sufficient to sustain a conviction.").

Nelson next argues that his trial attorney was ineffective in failing to call N.R.'s husband as a witness to testify about the fact that he made the 911 call and that N.R. had taken medication for anxiety. Nelson believes that trial counsel had the means to impeach N.R. and that he failed to do so. Once again, we must presume that this decision, too, was a product of sound trial strategy.

Nelson's third and final argument on appeal is that his trial attorney was ineffective by failing to object to the Commonwealth's allegedly improper opening statement concerning oral sex: "If he put his penis in her mouth, why didn't she just bite the thing off. I think the best explanation is going to be, if she was thinking, she was afraid that if she bit it off, he was going to kill her." We agree with the trial court's analysis. "It is unquestionably the rule in Kentucky that counsel has wide latitude while making opening or closing statements." *Brewer v. Commonwealth*, 206 S.W.3d 343, 350 (Ky. 2006). It is also noteworthy that this issue is moot due to the fact that the jury acquitted him of sodomy.

We find no error in the order of the trial court denying RCr 11.42 relief. Therefore, we affirm.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| J. Ryan Chailland<br>Frankfort, Kentucky | Daniel Cameron, Attorney General<br>Frankfort, Kentucky |
| | Perry T. Ryan, Assistant Attorney<br>General<br>Frankfort, Kentucky |