RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1285-MR

DIONTRE MARTIN
APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.  HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 12-CR-001046-003

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

CETRULO, JUDGE: Appellant Diontre Martin ("Martin") appeals the order of the Jefferson Circuit Court denying his Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion to vacate, set aside, or correct his sentence, which claimed ineffective assistance of counsel.

## I. FACTUAL AND PROCEDURAL HISTORY

In February 2012, Martin and two co-defendants committed a home invasion robbery while armed with handguns. The Louisville Metropolitan Police Department was dispatched to the scene, and Officer Lamont Washington ("Officer Washington") pursued Martin and the two co-defendants upon arrival. During the pursuit, Martin fired three rounds from his handgun at Officer Washington, striking him in the upper-left chest and on his thumb, causing serious physical injury.

In July 2014, Martin pled guilty to attempted murder and three counts of first-degree robbery (the home invasion involved three victims). The Commonwealth recommended a sentence of 20 years for each count, to run concurrently for a total of 20 years, which the circuit court accepted. The day before Martin entered his plea, one of his co-defendants, Dominique Gosnell ("Gosnell"), pled guilty to three counts of second-degree robbery, second-degree burglary, second-degree assault, fleeing or evading police, possession of a handgun by a minor, and theft by unlawful taking over $500. Gosnell received sentences of 15 years and two years, to run consecutively for a total of 17 years. Two months later, the other co-defendant, Donald Jackson ("Jackson"), pled guilty to three counts of facilitation to robbery and received a sentence of ten years, probated for five years.

In August 2015, Martin, *pro se*, filed an RCr 11.42 motion to vacate, set aside, or correct his sentence, claiming his trial counsel was ineffective. The motion asserted that trial counsel advised him to plead guilty without investigating the facts of the case; that he had no choice but to plead guilty because of his counsel's performance; and he alleged eight instances of trial counsel's ineffectiveness. Martin requested an evidentiary hearing concerning any material issues which could not be conclusively disproved by an examination of the record. Martin also asked the circuit court to appoint him counsel and provide time for that counsel to supplement his motion, if necessary. Additionally, Martin submitted an affidavit from Gosnell stating that Martin was wrongly accused because he had been pressured to go to the victims' house in February 2014; he had been intoxicated during the incident; and he did not take anything from the victims. Gosnell stated that he would be willing to testify to Martin's innocence "in the future."

The next month, the circuit court appointed counsel to assist with Martin's RCr 11.42 motion,[1] and two years later, in 2017, a private attorney entered an appearance for Martin.[2] That attorney then withdrew in 2021, and the

---

[1] Once the circuit court appointed the attorney, the record was silent until Martin hired private counsel.

[2] Likewise, after Martin hired private counsel, the record was silent until that attorney withdrew.

circuit court again appointed counsel to assist Martin. In July 2022, the newly appointed counsel reviewed the motion and record and found that Martin had sufficiently pled his claims. As such, that counsel filed a notice of submission on the pleadings, asking the circuit court to consider Martin's RCr 11.42 motion and provide the relief requested.

Upon review, the circuit court denied Martin's motion without an evidentiary hearing, finding his claims were insufficiently alleged or otherwise disproved by the record. In its order, the circuit court explained that Martin failed to specifically state the grounds on which he was challenging his sentence because Martin's pleading included only "scant factual support and mostly amount[ed] to bald allegations." Nevertheless, the circuit court analyzed each of Martin's eight arguments pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), but still found each to be meritless. Martin appealed, claiming the circuit court should have conducted an evidentiary hearing and that his post-conviction counsel was ineffective for failing to supplement his motion.

## II.    STANDARD OF REVIEW

An evidentiary hearing is required for an RCr 11.42 motion only when "there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted).

-4-

On appeal, this Court must determine whether the allegations contained in the RCr 11.42 motion are "conclusively refuted by the record" and whether, "if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). An evidentiary hearing is not required where "the face of the record as a whole" refutes the allegations. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986) (citation omitted).

As to Martin's claims of ineffective assistance of post-conviction counsel, he recognizes those issues were not properly preserved and requests palpable error review. RCr 10.26 provides that

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

## III. ANALYSIS

Martin claims the circuit court erred when it failed to hold an evidentiary hearing on his RCr 11.42 motion. Additionally, Martin argues his post-conviction counsel from 2015 was ineffective because the counsel represented him for two years and never supplemented his RCr 11.42 motion. Likewise, Martin argues that the private counsel he hired in 2017 was ineffective because that counsel never supplemented the motion, although he represented Martin for four years.

## A. Trial Counsel

First, Martin claims the circuit court erred when it failed to hold an evidentiary hearing on his RCr 11.42 motion regarding trial counsel. Specifically, Martin claims that a hearing was required to prove he "intelligently entered" the plea agreement. In such cases, our Supreme Court has found, "the voluntariness of [a] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases[.]" *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

To prove that counsel's advice met that standard, and "to be entitled to relief under RCr 11.42, the movant must 'state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds.'" *Id.* (quoting RCr 11.42(2)). As such, "[c]onclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so 'warrant a summary dismissal of the motion.'" *Id.* (citations omitted).

Our Supreme Court has been clear that an RCr 11.42 motion does not require a hearing when the claims are refuted by the record. *Sanborn v. Commonwealth*, 975 S.W.2d 905, 909 (Ky. 1998), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 158-59 (Ky. 2009). "A hearing is

-6-

also unnecessary where the allegations, even if true, would not be sufficient to invalidate the conviction." *Bowling v. Commonwealth*, 981 S.W.2d 545, 549 (Ky. 1998) (citing *Brewster v. Commonwealth*, 723 S.W.2d 863, 865 (Ky. App. 1986)). Likewise, if the claims are not alleged with the requisite particularity, the circuit court "cannot tell whether an evidentiary hearing is necessary" and dismissal of the motion is warranted without a hearing. *Roach*, 384 S.W.3d at 140.

As the circuit court detailed in its order denying Martin's motion, each of the eight allegations either lacked requisite particularity or was refuted by the record. First, Martin claimed his trial counsel was ineffective because she failed to call witnesses who would have testified that Martin had no part in the crime other than being present while intoxicated. As the circuit court noted, aside from Gosnell, Martin failed to specify who he would have called to testify and what they would have said, which was not sufficient to prove ineffectiveness. *See Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011) (RCr 11.42 movant failed to specify what evidence the witnesses would have provided, which was fatal to his claim that counsel was ineffective for failing to subpoena them.).

Martin referenced only Gosnell, who, according to his affidavit, would testify "in the future" that Martin was intoxicated while participating in the robbery and had kept no proceeds from the crime. Despite that assertion, Martin provided no evidence, and the affidavit did not state, that Gosnell would have

agreed to testify *before* Martin had entered his guilty plea in 2014 and that if he had agreed, Martin's trial counsel knew of such testimony. Indeed, Gosnell specified that he would testify "in the future." Further, Gosnell's affidavit referenced only Martin's participation in the robbery, not Martin's participation in the attempted murder of the police officer, which was the primary reason for Martin's stiffer penalty than his co-defendants.

As such, the face of the record refuted that Gosnell was willing to testify on Martin's behalf *prior* to entering the plea agreements; therefore, trial counsel did not fail to call witnesses – namely, Gosnell – who would have testified that Martin "had no part in the crime other than being present while intoxicated." Likewise, Gosnell did not state he would testify regarding the attempted murder charge, so testimony regarding only the robbery would not have invalidated Martin's sentence and thereby did not rise to the level of "ineffective." *See Bowling*, 981 S.W.2d at 549.

Second, Martin asserted that trial counsel was ineffective because she failed to move to suppress Gosnell's and Jackson's inculpatory statements against him on the basis that they were coerced. However, Martin failed to cite any inculpatory statements or instances of coercion with any particularity. Similarly, in *Roach*, the defendant claimed in his RCr 11.42 motion that "the girlfriend's consent was 'coerced.'" *Roach*, 384 S.W.3d at 140. The defendant simply

-8-

asserted that "the police somehow threatened the girlfriend, but he fail[ed] to allege the threat with any particularity, and it is that level of factual specificity that RCr 11.42(2) requires[.]" *Id.* Therefore, our Supreme Court found that the defendant's motion "did not satisfy [the] specificity requirement, [and] it was subject to "summary dismissal[.]" *Id.* Likewise, here, Martin failed to allege the inculpatory statements – much less the "coercion" – with any particularity, and that claim was subject to dismissal without a hearing.

Third, Martin claimed that his trial counsel failed to consult with an independent ballistics expert before trial, whom he claims would have testified that Martin "only had 1 of 3 components of alleged gunshot residue on his person, which tended to show that he had not fired a weapon [that day]." Again, Martin failed to assert the claim with requisite particularity. *See id.* Martin simply speculated as to what an independent ballistics expert might have concluded and testified. Martin did not indicate whether such expert existed, much less whether any expert had reviewed the evidence and shared Martin's assertions. Additionally, at trial, the Commonwealth's ballistics witness testified that it could not determine whether Martin had fired a gun the day of the incident because its gunshot residue analysis was inconclusive. It is unlikely that a second witness testifying to a similar result would have invalidated the outcome of the case. *See*

*Bowling*, 981 S.W.2d at 549. Again, Martin's allegation did not meet the standard for ineffectiveness.

Fourth, Martin claimed that trial counsel had failed to file a motion *in limine*[3] regarding the facts that: (1) only one of three alleged witnesses picked Martin as the alleged perpetrator; and (2) Martin had no "fruits of the alleged robbery." The circuit court noted that those "facts" were not submitted to the jury; however, if they had been, it likely would have been the Commonwealth who would have filed a motion *in limine* regarding them. Indeed, even if those assertions could have been substantiated, they would not have been subject to exclusion by a motion *in limine*. Alternatively, such assertions during a plea colloquy would have been irrelevant, as the circuit court needed to determine only whether the plea was voluntary, knowing, and intelligent. As such, the record, as well as relevant legal concepts, refuted this assertion.

Fifth, Martin asserted that his trial counsel had failed to investigate the plea agreements of Gosnell and Jackson, which would have shown that "they had received better deals" than Martin. Instead, Martin claimed, trial counsel led him to believe that Gosnell and Jackson were serving 85% sentences,[4] when they were actually serving 20% sentences. However, the record indicated that Martin had

---

[3] Motions *in limine* seek exclusion of evidence from being presenting during trial.

[4] Sentences in which the defendants would serve 85% before being eligible for parole.

admitted to a more serious crime – attempted murder of a police officer; therefore, knowing his co-defendants' plea agreements, which contained charges regarding only the robbery, would not have been useful for comparison. Further, Martin failed to assert how additional knowledge of his co-defendants' plea agreements would have affected his willingness to take his own plea. Martin's decision to plead guilty was independent from the co-defendants,' and the Commonwealth was not required to offer similar penalties to each defendant. Again, the record refuted Martin's assertion.

Sixth, Martin claimed his trial counsel was ineffective because she misinformed him that Gosnell and Jackson were prepared to testify against him; however, Martin failed to make that allegation with requisite particularity. While Gosnell's affidavit stated he was willing to testify in support of Martin in 2022, it did not state that he was *unwilling* to testify against Martin in 2014. Further, the circuit court noted that the Commonwealth could have called Gosnell or Jackson to testify at trial regardless of whether they had prepared to do so because the plea agreements extended the opportunity to testify against one another in exchange for shorter sentences. Therefore, the record disproved that telling Martin that his co-defendants could testify against him was "misinformation." As the circuit court stated, it likely would have been ineffective if Martin's trial counsel *had not* told him Gosnell and Jackson were prepared to testify against him.

Seventh, Martin asserted that his trial counsel failed to have Martin psychologically evaluated, despite his history of mental and emotional issues. However, again, Martin failed to adequately articulate the mental or emotional issues he had, their relevance to the case, and what an expert could have testified to regarding the same. Such assertion, therefore, lacked the requisite specificity RCr 11.42 requires. *See Roach*, 384 S.W.3d at 140.

Eighth, and finally, Martin claimed his trial counsel was ineffective for refusing to step aside as counsel when Martin's family told her that they wished to hire private counsel. However, Martin failed to present any specific facts to support that claim: he provided no evidence that he had hired private counsel, and no counsel entered an appearance on his behalf. A mere statement that the family wished to hire private counsel was not sufficient grounds for a public defender to move to withdraw. Again, the assertion was disproved by the record.

The circuit court carefully reviewed each of Martin's allegations and properly dismissed each based on the face of the record. *See Sanborn*, 975 S.W.2d at 909. As such, an evidentiary hearing was not required. *See Bowling*, 981 S.W.2d at 550-51.

## B. Post-Conviction Counsel

Next, Martin argues that his post-conviction counsel was ineffective for failing to supplement his RCr 11.42 motion. Specifically, Martin claims his

post-conviction counsel should have raised three new claims for his original RCr 11.42 motion: that trial counsel failed to inform him of (1) the lesser-included offense of attempted robbery, (2) the provisions of double jeopardy, and (3) the elements of attempted murder.

Although Martin introduces the claim against his post-conviction counsel, his brief largely focuses on those three new claims for ineffective assistance of his *trial* counsel. However, the merits of the claims against his trial counsel are not properly before this Court because Martin did not raise them before the circuit court. *See Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999) ("[a] new theory of error cannot be raised for the first time on appeal."). Instead, the sole issue is whether there is a valid claim that Martin's post-conviction counsel was ineffective. Appellant concedes that this issue was not preserved, and requests palpable error review.

First, Martin acknowledges that Kentucky Courts do not recognize ineffective assistance of post-conviction counsel as a valid claim. Therefore, he asks this Court to implement federal law, which allows claimants to pursue such claims "as a basis for cause and prejudice for the failure to preserve issues of ineffective assistance of counsel."

However, our Supreme Court previously addressed a similar issue in *Bowling*, 981 S.W.2d 545. There, it clarified that

[t]he purpose of an RCr 11.42 proceeding is to review a judgment and sentence for constitutional validity of the proceedings prior to judgment or in the sentence and judgment itself. The rule simply provides for a collateral attack on the sentence. RCr 11.42(1). Assuming that this issue [regarding effectiveness of post-conviction counsel] could be considered under RCr 11.42, Appellant concedes that it was not presented to the trial court for consideration. In the absence of palpable error affecting Appellant's rights, this issue is not reviewable on appeal. *Todd v. Commonwealth*, Ky., 716 S.W.2d 242 (1986).

Notwithstanding the procedural deficiency, Appellant's argument is without merit. In *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991), the United States Supreme Court held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citations omitted); *See also Murray v. Giarratano*, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989).

*Bowling*, 981 S.W.2d at 552.

As an intermediate appellate court, we are bound by our Supreme Court's decision in *Bowling*. *See* Kentucky Supreme Court Rule 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). Therefore, we, too, must find that Martin does not have a valid claim regarding his post-conviction counsel.

## IV.   CONCLUSION

The Jefferson Circuit Court did not err when it denied Martin's RCr 11.42 motion without a hearing.  Additionally, Martin's claim that post-conviction counsel was ineffective is without merit.  As such, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:

Diontre Martin, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky